IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EFRAIN MEJIA<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | § | Civil Action No. 7:23-CV-172 |
| | § | |
| SINGH MANDEEP AND<br>CROSS CALIBER INC.<br>    *Defendants*. | §<br>§<br>§<br>§ | |

## DEFENDANTS CROSS CALIBER, INC. AND MANDEEP SINGH'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Cross Caliber, Inc. and Mandeep Singh (incorrectly named "Singh Mandeep") (hereinafter collectively and individually referred to as "Defendants") respond to Plaintiff Efrain Mejia's ("Plaintiff") allegations as follows:

### RESPONSE TO ALLEGATIONS IN "PARTIES"

1. Defendants lack sufficient knowledge or information to specifically admit or deny the allegations in Paragraph 1.

2. Admit that Defendant Mandeep Singh is a resident of California.

3. Defendant Cross Caliber, Inc. is a corporation in the State of California, and its principal place of business is in the State of California. Defendant admits that its agent for service of process is Mandeep Singh.

### RESPONSE TO ALLEGATIONS IN "DISCOVERY LEVEL"

4. Paragraph 4 asserts that Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure and does not require a response.

**RESPONSE TO ALLEGATIONS IN "VENUE & JURISDICTION"**

5. Defendants do not contest that this amount is sought for purposes of diversity jurisdiction but deny and contest that Plaintiff is entitled to this amount.

6. Admitted in part, denied in part. Defendants admit all or a substantial part of the events giving rise to this claim occurred in Hidalgo County, Texas. Defendants deny venue is proper in Hidalgo County District Court following removal to this Federal Court.

7. Deny.

**RESPONSE TO ALLEGATIONS IN "FACTUAL ALLEGATIONS"**

8. Admitted in part; denied in part. Defendants admit that Plaintiff's vehicle was stationary at 10700 South Sugar in Pharr, Hidalgo County, Texas and Defendant Singh was operating a vehicle owned by Cross Caliber, Inc. on January 22, 2023. Defendants also admit Defendant Singh was within course and scope of his employment with Defendant Cross Caliber Inc. Defendants deny the remaining allegations. Defendants deny the cause and extent of Plaintiff's claimed injuries.

9. Deny.

**RESPONSE TO ALLEGATIONS IN "CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT MANDEEP"**

10. Defendants deny all the allegations in paragraph 10, including the allegations in subsections a through j.

**RESPONSE TO ALLEGATIONS IN "CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT CROSS"**

11. Defendants admit Singh was acting within regular course and scope of his employment with Cross Caliber Inc at the time of the accident. Defendants deny the remaining allegations.

**RESPONSE TO ALLEGATIONS IN "CAUSE OF ACTION: NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION BY DEFENDANT CROSS"**

12. Defendants deny allegations in paragraph 12. Defendants deny the cause and extent of Plaintiff's claimed injuries.

**RESPONSE TO ALLEGATIONS IN "DAMAGES"**

13. Defendants deny the cause and extent of Plaintiff's claimed injuries.

14. Defendants lack sufficient knowledge regarding Plaintiff's alleged injuries and damages but deny and contest the existence, cause, and extent of same.

15. Defendants lack sufficient knowledge regarding Plaintiff's alleged injuries and damages but deny and contest the existence, cause, and extent of same.

16. Defendant denies and disputes Plaintiff is entitled to the damages sought but admits that such damages are sought for purposes of the minimum amount in controversy necessary for this Court to exercise jurisdiction over this case.

**RESPONSE TO ALLEGATIONS IN "REQUEST FOR JURY TRIAL"**

17. Responding to paragraph 17, Defendants respectfully demand a trial by jury.

**RESPONSE TO ALLEGATIONS IN "STATEMENT PURSUANT TO T.R.C.P. 47"**

18. Defendants deny and dispute Plaintiff is entitled to the damages outlined in paragraph 18 but admits that such damages are sought for purposes of the minimum amount in controversy necessary for this Court to exercise jurisdiction over this case.

**RESPONSE TO ALLEGATIONS IN "MISNOMER/ALTER EGO"**

19. Paragraph 19 does not require a response.

**RESPONSE TO ALLEGATIONS IN "PRAYER"**

20. Defendants allege and incorporate here their prior responses. The assertions in paragraph 20 are legal conclusions to which no response is required. Defendants deny that Plaintiff

is entitled to any of the damages or relief sought by way of his Complaint. Defendants dispute fault and the cause and extent of Plaintiff's alleged injuries. To the extent a response is required, Defendants deny the allegations in paragraph 20.

## AFFIRMATIVE DEFENSES

*Failure to Mitigate Damages*

21. Defendants plead Plaintiff failed to act as an ordinarily prudent person would have acted in the same or similar circumstances in mitigating his alleged damages, if any.

*Failure to Limit Paid or Incurred Medical Expenses*

22. To the extent Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf, Defendants assert the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Recovery of medical or healthcare expenses incurred by Plaintiff is limited to the amount actually paid by or on behalf of the Plaintiff.

23. Defendants further plead that if Plaintiff has not used available means to contractually or equitably reduce or limit the amount of medical expenses paid or incurred, Plaintiff has failed to act as an ordinarily prudent person would have acted in the same or similar circumstances in mitigating his/her alleged damages, if any.

*Taxes on Lost Earnings*

24. Defendants invoke Section 18.091 of the Texas Civil Practice and Remedies Code, and request that to the extent Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendants further request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

## JURY REQUEST

25. Defendants request a trial by jury.

                                      Respectfully submitted,

**THE FUENTES FIRM, P.C.**

/s/ *Stefan Casso*
JUAN ROBERTO FUENTES
State Bar No. 24005405
Federal Bar No. 24005405
STEFAN CASSO
State Bar No. 24105582
Federal Bar No. 3208356
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
stefan@fuentesfirm.com
juan@fuentesfirm.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record through the Court's ECF system and/or email on May 30, 2023.

| Derek I. Salinas | dsalinas@tlegalgroup.com |
| Attorney for Plaintiff | tijerinalit@tlegalgroup.com |

                                      /s/ *Stefan N. Casso*
                                      STEFAN N. CASSO